Our next argument today and last one for the day is Paladino v. Newsome, No. 15-2058. Good morning, Your Honors. May it please the Court, my name is Rachel Horton and I'm appearing on behalf of Appellant Brian Paladino. I'd like to reserve two minutes for rebuttal. That will be granted. Thank you, Your Honor. Did you just win your first motion? Great, congratulations. Thank you, I won a few. Your Honors, credibility determinations cannot be made on a black and white record at summary judgment. That concept is baked into the summary judgment standard of Rule 56. If there is a genuine issue of material fact, district courts should deny a summary judgment motion and send the case to the jury. Here, under small, rather than sending the exhaustion issue to the jury, the judge will then hold a plenary hearing and determine the facts. Do you think that the fact that Paladino is a state prisoner, is that accurate? Yes. Do you think that that might have influenced the judge's decision to look at the record and make a decision solely based on the record? Your Honor, I cannot speculate about why the judge decided not to hold a hearing. Okay, I wouldn't want you to. Practically speaking, how would this play out? Were the judge to say, I think there's a material issue of fact, a genuine issue of fact here, and that requires a hearing. How would that take place? Yeah, absolutely. One thing that I would like to point out is that district courts do hold these hearings in the Third Circuit. We cited a few district court opinions that stated we will hold an evidentiary hearing. I understand. Do you bring the prisoner in, or do you do video conferencing? Yes, Your Honor. Practically, the judge can issue a writ of habeas corpus to bring the prisoner in and conduct the hearing in person, or they can set up a video feed, which is somewhat common, and I've seen it done both ways in the case law. Can I ask you a slightly different question, but related? Is there a limiting principle here? If district courts have to writ out inmates every time, if we sort of just blanket say you get a hearing, that's a lot of movement. Is there a limiting principle to what you're suggesting? The limiting principle is that at the summary judgment stage, the inmate has to come forward with evidence in the record to show that there's a genuine issue of material fact. And so the Keralese case, which is the only case that the appellees cited for this proposition, shows that there's a difference between a conclusory assertion in an affidavit and a fact-based assertion. At the first summary judgment hearing step, Mr. Palladino, in opposition to the defendant's motion, went through the record and took the grievances that the defendants had produced, and he annotated them. And he said, I appealed this one. I responded to this one on this date. And he showed the judge, this is what I did. This is how I exhausted. He didn't make a conclusory assertion. I exhausted. We agree that that wouldn't be enough. So you're saying that the specificity is what takes this to the other level, right? Yes. And under the Keralese case and under the Tolan case, where the Supreme Court recently reminded us that we have to credit the non-movement evidence that they submit at the summary judgment stage. Of course, not every issue of fact requires an in-court hearing, right? Well, if it's a genuine issue of material fact, then our position is that, yes, it would require a hearing. What was Judge Thompson's decision, that this was an issue of fact, but it wasn't genuine? Well, Judge Thompson. Or it wasn't material? I'm not sure that she parsed it out, whether it was genuine or material. I don't believe that that's in her opinion. What she did was she made a credibility determination at the second summary judgment stage. On the basis of the papers? Yes, Your Honor. She acknowledged that there is a factual dispute about whether Mr. Paladino submitted particular grievances. For example, in his deposition testimony, which he cited in opposition to the defendant's summary judgment motion, he said, I filed grievances about excessive force. He testified, I filed five or six grievances and I never got a response. Well, the record would show that he was not shy in filing grievances. I think that would be fair to say. Couldn't the district judge draw an inference that the defendants have given us all of these grievances and we don't see one that deals with excessive force, that he did not file one on excessive force because he knew how to do it and did it? At a hearing, the district court would be able, after having assessed credibility and put the defendants to their proof, the district court could draw that inference. But at the summary judgment stage, when there's just black and white paper in front of the judge, the – Now, one of the cases we relied on in small to say that exhaustion of administrative remedies, even when there's a fact issue, can be decided by the district judge. It doesn't go to the jury. We didn't say in small that there had to be a hearing. We cited the case of Bryant versus Rich, an 11th Circuit case, where the court there said the district judge found there to be genuine disputes of fact, but went on to decide the issue and the 11th Circuit had no problem with that process. In other words, and I guess going back to Judge Chigaris, is any time in this case, because it would be in the prison context, a prisoner says, no, I did file a grievance, and that you have to hold an evidentiary hearing? Your Honor, I will look at the Bryant case when opposing counsel speaking, but I believe that there were factual differences in front of the 11th Circuit. I don't think that that inmate had put forth the proof that Mr. Paladino had put forth in opposition to summary judgment, but I'll confirm that while I'm sitting down. But the other cases that the small court relied on relate to personal jurisdiction, and in the personal jurisdiction realm, like the McCann case that we cited in our reply brief, when there's a genuine issue of material fact, the district court holds a plenary hearing. Let me ask you about that hearing. Is live testimony always necessary in that kind of a hearing? Let's see. It could be every case, right? Because then you could just do prima facie, say I don't agree, and then you'd have to have live testimony. That's kind of where we're at. We want to give the district court some guidance probably here, and I'm a little personally confused about exactly where the line should be drawn. Right. Well, my hesitation initially was that I don't think that the defendants can show up with the affidavits that they submitted attached to their summary judgment motion and say, here, please dismiss this case, right? If credibility is an issue, it's hard to do on the basis of papers, isn't it? Yes, Your Honor. And so it's our position that the district court should assure itself that it has heard from the inmate and that the defendants have satisfied their burden. What would change here if you went to a hearing? In other words, you had Mr. Palladino's deposition testimony. You had the affidavits of the Department of Corrections or the institution's individuals. What would change if you went to a hearing? The district court did not specifically cite Mr. Palladino's deposition testimony and credit it in a way that a district court would normally at the summary judgment stage. And so I'm not completely confident, although that was in the record, I'm not completely confident that it was credited in the way that it should have been. Secondly, in terms of the evidence that was submitted by the defendants, what the defendants had done was they asked a record keeper to look through their file, right? The indicia of record keeping here is that the defendants weren't Johnny on the spot in terms of responding to Mr. Palladino's grievances. And so if they came into court with a record keeper and Mr. Palladino came into court with his story that he had given multiple grievances to a particular social worker and that those grievances were not produced by the defendants during the course of discovery, the district court could find that the defendants haven't proven exhaustion. And so that is one way, one route in which it could have been different here. How about in this case, though? Is there any evidence in the record that the state dropped the ball, the prison dropped the ball in terms of some of these forms? Yes, Your Honor. Mr. Palladino's deposition testimony, which is at JA 1048, he cites his deposition testimony. And then at JA 425 to 436, he catalogs the grievances that he reviewed that the defendants had produced. You know, one thing I am concerned about, and you don't have a whole lot more time, is notice in a small hearing. Was notice adequate here? And how necessary is notice that the court is going to hold a small-type hearing? Do you mean notice that there will be a hearing or that there won't be a hearing? That there will be a hearing. Okay. And was it given here, I guess? Well, the district court decided the motion on the papers. We don't believe, from what was in the record, that there was notice to the parties that credibility determinations would be made on behalf, just based on the evidence of summary judgment. And that's in spite of Mr. Palladino's repeated requests, even from the original complaint, that the district court pay attention to the exhaustion issue. He, in his original complaint, said, I have filed many grievances and never gotten a response. It's not as if Mr. Palladino was hiding the ball. I appreciate that. You're right. But I'm worried about it on a going-forward basis. Should the district court have said, just to let you know, we're going to consider this, I'm going to consider this under small. Do we need a separate notice from the district court to allow the parties to respond? Because it would seem that the standards are slightly different between summary judgment and small. And hearing. I think that the procedure, for example, in this case, could have been that the defendants move for summary judgment, the court could have denied the summary judgment motion, and then noticed a hearing at which the defendants would be put to their proof. And going forward, if defendants know that if there's a genuine issue of material fact, there will be a hearing, then defendants can plan accordingly and know that if the plaintiff has presented record evidence, that they're not going to spend the resources to draft a motion to dismiss that tries to convince the court that there's no genuine issue of material fact. Rather, they could just say, we're ready to go to a hearing. And the district court has significant discretion in terms of how the hearing is conducted. I mean, the small court was sort of the gold standard in terms of a thorough, very meticulous hearing. But we are not proposing a rule that in every case an evidentiary hearing is required. Anything more, counsel? No. Take a seat. Okay. Thank you. Good morning, Your Honors. I may please the court. My name is Christopher Josephson. I'm a Deputy Attorney General. I'm appearing on behalf of the appellees in this matter. The district court's decision here granting summary judgment to defendants should be affirmed because the record demonstrates that the plaintiff failed to exhaust administrative remedies prior to filing suit as required by the Prison Litigation Reform Act. Furthermore, the district court correctly resolved the factual dispute regarding exhaustion without conducting an evidentiary hearing, which was unnecessary based upon the record in this case. What about when credibility is at issue? He said, she said, the prisoner said, the administration said. Isn't that the paradigm circumstance for a credibility determination? Well, I don't believe. I'm sorry. A hearing to determine the issue of credibility. In this context, I don't believe, based, again, on the record that was submitted, that credibility determinations needed to be made based on live testimony. What we had here was. He said he filed. I think it was four complaints, and the administration said, no, you didn't. We have no record of that. Well, and what he said, but again, his statements were quite vague. He said, for example, at his deposition, he said, and in his complaint, I write grievances all the time and receive no responses or even acknowledgment about the problem. He says he immediately appealed all remedy forms that received a response. Well, the defendants submitted, in support of the summary judgment motion, a record that included over 75 remedy forms, many of which contradicted those statements. Again, both in his complaint, which he relied upon in opposing summary judgment, and in his deposition testimony, he laid out his claims, excessive force, denial of hygiene, denial of recreation, a number of other claims, and he said, I filed remedy forms and never got a response. Well, if you look at the remedy forms that were submitted in support of the summary judgment motion, he, in fact, submitted remedy forms related to many of those claims, and he got a response. And Judge Thompson relied upon that, I believe, and made inferences based on that record in deciding the summary judgment motion. With respect to, and she also, I think, correctly noted that there was no indication that the prison didn't return the plaintiff decides his own self-serving statements. You don't dispute that this was a material issue. Did you file or did you not file? Well, again, the district court noted that there was an issue of fact. I don't believe it may be a material fact, but I'm thinking he failed to raise a genuine issue. He's either going to win or he's going to lose on that one decision. Don't you think it's material? I mean, the case is over. Well, but again, but true. But again, exhaust your remedies. That's it. He's done. Isn't that a material issue? It is a material issue, but I think when looking at the evidence presented in the case, again, the evidence, and the court was, I think, permitted to make inferences, the evidence showed that, in fact, he did submit remedy forms, and he did get a response. I mean, and this directly contradicts his statements that he never got a response to his remedy forms. Well, he didn't say all, I think. You're talking about the excessive force claim, right? Well, no. I think if you look at his complaint specifically, he lays out his complaints, and then in one paragraph he says, I filed remedy forms with respect to all of my claims and never got a response. That was the statement he made in his complaint, which he relied upon in opposition to the summary judgment motion. And again, also, with respect to the notion of the claims, and we're talking about the denial of hygiene, denial of recreation, there was the issue of summary judgment was granted on exhaustion because he failed to appeal the initial decision. But with respect to recreation, he says, I never got anything back. I couldn't do anything more. Well, again, but the record, I think, contradicted that. And the remedy forms contradict that. And he claims, and he also claimed, and in terms of drawing inferences, he said, I appealed everything and I never got a response. And as the district court noted, there was at least, I believe, six remedy forms in the record where he did file an appeal and he did get a response. You know, one thing that seems to be, I wonder if in the record, maybe you can point us to something. There's a lot of these forms. I'm sure that your client deals with them all the time. But is there anything in the record that would show a district court how reliable your system is? I mean, there's really not a lot. You said we have a system. Is it reliable? Well, I think the Romero case cited by the appellant, though, I think sort of illustrates what you're talking about. In that case, the appellant came forward with five remedy forms that he submitted and never got a response. And in that case, the court did hold an eight evidentiary hearing, which I think was appropriate, based not only on those forms, but then at deposition, he went through each form and he gave specific testimony about what each form said, the allegations, the persons involved. So, again, based on that deposition testimony and the forms that he came forward with to show that he submitted and never got a response, I think that's, you know, there was a question, I think, that needed to be resolved by an evidentiary hearing. Yeah, but in this case, I mean, it's coming down to credibility. I don't know if there's anything in the record on your side that says we have a very reliable system. We checked it. It doesn't jive what he's saying. Well, I mean, we produced the, you know, the remedy forms were submitted with certification saying here's what the process is and how it operates, and that based on that process, here are all the forms he submitted. And, again, is there anything in the record that's going to allow a district court to conclude they've got a very reliable system here in terms of record keeping? There's nothing about the record keeping. Well, I think the fact that he couldn't come forward with any remedy forms, and this was relied upon by the district court, couldn't come forward with any remedy forms which he allegedly submitted. Remedy forms. Remedy forms, I'm sorry. Grievances, I think, as well. He's an inmate, though. He's subject to whatever it is you guys give him. Well, and yet the plaintiff in Romero, who was also an inmate, kept copies of all his remedy forms, and then when it was time for a post-summary judgment, he said, here, look at these five remedy forms which I submitted and never got a response. Does he get copies? Do the inmates get copies of every one of their remedy forms? I know they come on carbon paper. They do. Well, I think when they submit the original form, they submit it in tech, and it's original to the cop. When that's responded to, they get the carbon is ripped off, or they get it with the answer on it, and then they get a copy of that, and then they write the appeal on that. One thing, what they can do is they can have photocopies made of all their remedy forms. That's certainly available to all inmates. Including inmates in administrative segregation? Well, yeah. They can't go to the library, but they do have access to paralegals and the social workers, I believe, who can make copies of whatever documents they give them. So your representation is, listen, this guy could have gotten photocopies or carbon. He didn't. He didn't produce anything, and that should be construed against him, I guess. Well, he didn't produce what I believe is his competent evidence, again, unlike the inmate in Romero, where he produced these remedy forms that never got a response. So in Romero, the evidence that was before the court was sufficient to warrant an evidentiary hearing, but here you're saying the evidence wasn't sufficient to warrant an evidentiary hearing. Yeah. I mean, I think the two cases are distinguishable to that effect, yes. Just solely on the basis that he didn't have the copies? Well, based on the fact that he didn't, other than his broad statements that I always submit remedy forms and I always appeal, I mean, there was nothing more specific than that to indicate that he submitted forms in which he never got a response. I'm sorry. No. I'm just thinking, do you nonetheless, assuming that he didn't have copies in the forms, do you nonetheless conclude that this is a material issue? In fact, he says, I filed the grievances. I exhausted as required. And you say, no, you did not. Is that not a material issue of fact? Well, I think you can say it's a material issue of fact, but I don't believe, again, that it warrants having an evidentiary hearing. Is it not an issue of credibility? You say, no, no, you didn't. He says, yes, I did. Well, again, but not when I think if it's an issue of credibility, it can be resolved based on the record in this case. That's right. I have some disagreement with resolving issues of credibility on the basis of the record. I mean, doesn't credibility have to do with what you testify, the details that you provide, the facts that you provide, the demeanor and appearance of the people involved? But I think before you get there, he's got to produce simply saying, I mean, in a general sense, yes, I did. That's not enough to get past the evidence and the inferences that can be drawn from the evidence that was submitted by defendants here. I mean, over 75 remedy forms in a three-year period, which, again, contradicts the statements that I never got a response to my remedy forms. I think the court, and I think also Judge Chigaris' statement about a limiting principle, if all an immune has to do is say in a deposition or declaration, yes, I did, then we're going to have to have a hearing in every single case where exhaustion is asserted, and I don't think that's what was intended in this context. Well, you could have better records. You could have a record that says, I gave, we gave the prisoner a copy of the form that he filed. I think that that might go a long way to solving part of the problem. I don't disagree with that. Have him sign a copy of the receipt. Can I ask you, I asked your adversary about notice. Should the district court notify the parties that they're considering the evidence under small as opposed to summary judgment? The standards are different. I do think that, yeah, that maybe the notice would be appropriate in that circumstance. The standards are different. Shouldn't the parties be afforded a chance to brief under the other standard, the small standard? Yeah, I don't necessarily disagree with that, but I think even in this circumstance, again, the plaintiff had every opportunity to submit whatever evidence he had other than his deposition and his complaint to show that he, you know, that remedies weren't available, and I think that the district court had what they needed to make that determination. True, but I mean, you know, with a summary judgment brief, you know, if we see that on appeal or in the district court, I suppose, you know, and somebody's talking about credibility, we turn the page because it's not, you don't, the summary judgment, you don't make credibility determinations whereas the small, you do. So, but you can go on. Thank you, Your Honor. To the extent also that the court is going to address the district court's first summary judgment decision, just as note, of course, there's note in the brief, the notice of appeal did not list that opinion, and I don't think that the court can infer that he intended to appeal that, but if they do, if the court does decide to address the first summary judgment opinion, I would simply say that the district court correctly ran a summary judgment in that case, noting that, again, his submissions did not demonstrate that the plaintiff, that he submitted any remedy forms for his claims that were not received, you know, that were not addressed by the prison staff. So to the extent that the court's going to decide or address the first summary judgment, I think that should also be granted. I would point out, too, that even if one of the cases relied upon by the district court was Brown v. Shannon, it's an unpublished Third Circuit case, there the district court resolved a factual dispute pertaining to exhaustion without an evidentiary hearing, and in that case, the inmate, unlike here, actually produced some grievance forms that he claimed he submitted, which he received no response. So in that case, I think there was even more evidence submitted by the plaintiff, and yet the court didn't hold an evidentiary hearing. What is our standard of review here? I think here, I think it does have to be de novo, because the district court did resolve this factual dispute, which, again, I don't believe was a genuine issue. When the district judge is a fact finder, don't we review its findings of fact for clear error? Well, yeah, that's yes. To the extent, yes, the findings of fact are clearly erroneous standards, yes. If we determine that the issue here is a material, genuine issue of fact, my sense is you have to have a hearing under our jurisprudence. How would you characterize the issue here? Well, I mean, you know, I'm legally sure. Yes, this is a genuine issue. It's a material issue. If we were to characterize it that way, because he says, I filed the forms and it's necessary to exhaust, and the government says, no, you didn't. I see that as a genuine material issue of fact. How would you characterize it? If it is a genuine material issue of fact. Well, I mean, I guess the issue to be resolved is whether or not remedies were, in fact, available. Because in order to exhaust remedies that the Supreme Court in the Ross v. Wick case held that the remedies have to be available, so then I guess the hearing would resolve whether or not these remedies were available. Okay. Thank you, counsel. Thank you, Mark. Your Honors, first of all, I'd like to address the Bryant case that I had a chance to look at. There were no disputed facts in that case. I'm looking at the opinion the court said as their two plaintiffs, Priester and Bryant, and says, we conclude that enough conflicting evidence exists to raise a genuine issue of material fact about whether administrative remedies were available to Priester at Georgia State Prison. I apologize. I looked at Mr. Bryant's claim where there wasn't. Two plaintiffs, and the court said there's a genuine issue of material fact here, but nonetheless the district court did not err by resolving that factual dispute on a paper record because the record showed while he claimed he was denied a grievance form to complain about excessive use of force, he'd actually filed a grievance form on another matter, and that undermined his credibility to suggest that he was denied the grievance form, and the court said we review this for clear error. Was the factual finding clearly erroneous? We cannot find it was clearly erroneous and therefore affirm. So I'll go back to the question I asked of your learned colleague, and that is what is our standard of review here? Is it clearly erroneous, or is it de novo like we would use in a summary judgment motion? It's de novo. The Supreme Court in Jones stated that district courts and circuit courts should not be imposing new procedural hurdles or deviating from the federal rules based on the requirements in the PLRA, and so to allow a clear error review when there is a credibility determination issue would be a deviation, and so therefore it should be a de novo review, and there should be a hearing when there's a credibility determination. If there's anything else. That's it, counsel. Thank you. Thank you very much. We'll take the case under advisement. Thank counsel for their excellent oral argument and briefs, and in particular I'd like to recognize appellants counsel. They are acting pro bono, and we thank them for that. They did an excellent, excellent job, and in particular, Ms. Horton, you did a great job, and we hope to see you frequently in the future. So thank you. And if counsel is amenable, we'd like to meet you at sidebar, and if Mr. Williams could adjourn court, that would be appreciated. Thank you.